THE STATE OF KANSAS, *ex rel. Fred S. Jackson, as Attorney-general,* v. J. P. HARSHA, *as Mayor, etc., et al.*

No. 16,398.

SYLLABUS BY THE COURT.

ELECTION STATUTES—*Amendment Inapplicable for Lack of Time —Applicability of Repealed Law—Presumption.* Where an amendatory statute providing for a primary election of candidates is temporarily inapplicable by reason of insufficient time for its operation, and the repealed provisions of the amended statute provide an applicable method of nominating such candidates, it will be presumed that the legislature did not intend the amendment or the repeal to take effect as to such nominations. In such case the former provisions for nominations by petition remain in force until the amendment becomes applicable.

Original proceeding in mandamus. Opinion filed April 10, 1909. Writ allowed.

*Fred S. Jackson,* attorney-general, *John S. Simmons,* and *F. L. Martin,* for The State.

*A. C. Malloy,* for the defendants.

The opinion of the court was delivered by

SMITH, J.: This action is brought on the relation of the attorney-general to require the mayor and acting city clerk of the city of Hutchinson to perform the duties assigned by law to each, respectively, incident to the holding of an election in that city on the second Tuesday of March, 1909, for the election of a mayor and two commissioners.

On the first day of March, 1909, chapter 82 of the Laws of 1909 took effect by publication in the official state paper.

On the second day of March, 1909, an election was held in the city upon the question of the adoption or rejection of the provisions of chapter 123 of the Laws of 1907. The vote was duly canvassed, and, it appear-

ing that a majority of the votes cast at the election were in the affirmative, it was duly declared that the proposition had carried.    In the defendants' answer there is some criticism of the manner in which the election was conducted, but no facts are alleged which would in any way invalidate it.    We conclude, therefore, that the provisions of chapter 123 of the Laws of 1907 were legally adopted at such election.

The city of Hutchinson having a population of 10,-000 and being a city of the second class, the time for holding the regular city election is fixed by the general statute on the first Tuesday of April (Gen. Stat. 1901, § 949), which as to this case was April 6, 1909, and neither chapter 123 of the Laws of 1907 nor chapter 82 of the Laws of 1909 provides for any change of date in such election.

Chapter 54 of the Laws of 1908, so far as applicable to primary elections in cities, provides as follows:

"SEC. 2.  Hereafter all candidates for elective offices shall be nominated by:  (1) a primary held in accordance with this act; (2) independent nomination papers, signed and filed as provided by existing statutes.

"SEC. 3.  The primary shall be held  .  .  .  on the first Tuesday in March, 1909, and annually thereafter, in all cities having 5000 or more population, for all candidates to be voted for at the next ensuing city election."

Chapter 82 of the Laws of 1909, while expressly amending and supplementing chapter 123 of the Laws of 1907 only, by necessary implication amends section 2 of chapter 54 of the Laws of 1908, in that it requires certain steps to be taken ten days before the primary election which were not required by the act of 1908, and also by necessary implication repeals the provision of the act of 1908 permitting nominations to be made by petition.    Section 8 of chapter 82 of the Laws of 1909 reads:

"All city officers to be elected by the people under the provisions of this act, except in cities of less than ten thousand population, shall be nominated at a primary

election to be held on the second Tuesday of March in each year. The election board of the municipal election shall be the election board of the city primary election. Any person desiring to become a candidate for mayor or commissioner shall, at least ten days prior to said primary election, file with the city clerk a statement of such candidacy, in substantially the following form:"

The mayor and city clerk contend that chapter 82 of the Laws of 1909 absolutely repeals all provisions of chapter 54 of the Laws of 1908; and that, as chapter 82 of the Laws of 1909 provides that all city officers except in cities of less than 10,000 population shall be nominated at a primary election to be held on the second Tuesday of March of each year, and any person desiring to become a candidate for mayor or for commissioner shall at least ten days prior to such primary election file with the city clerk a statement of such candidacy (the form of which is prescribed), and shall at the same time file therewith a petition signed by at least twenty-five qualified voters requesting such candidacy, and, further, as only eight days intervened between the taking effect of chapter 82 of the Laws of 1909 and the time for holding the primary election, it was impossible to file the statement and petition in accordance with the requirements of the act, and hence no election could be held under the act.

This contention can not be sustained. The orderly and efficient discharge of municipal functions in a city is not promoted by vacancies in the principal offices of the city or by the holding over of officers for a term beyond that to which they were elected, and especially must this be true where a city at a legal election has adopted a form of city government differing so greatly as the commission form of government does from the form of government theretofore in vogue. Various provisions in chapter 123 of the Laws of 1907 and in chapter 82 of the Laws of 1909 show that it was not intended by either act to interfere with the orderly con-

duct of the city government under the one form or the
other; and if there were no such provision in either act
the rule of construction adopted by this court many
years ago in *The State, ex rel., v. Comm'rs of Ham-
ilton Co.*, 35 Kan. 640, would afford a solution of the
difficulty. It was said in the opinion therein:

"Where a statute relating to registration, or indeed
to anything else, can not in the nature of things be
made to apply, it must be held that it does not apply,
and that the legislature did not intend that it should
apply." (Page 646.)

It is unnecessary to say that a statute providing for
a primary election, which statute is enacted only eight
days before the time set for the election and by which
the candidates at the election are required to do certain
things ten days before the election, can not be made to
apply.

Sections 34 and 35 of chapter 82 of the Laws of 1909
at least suggest the solution of the difficulty. They
read:

"SEC. 34. The passage of this act shall in no way
affect any action or proceedings of any kind now pend-
ing and not completed, or any action or right which
has accrued to or against such city at the time of the
adoption of this act.

"SEC. 35. Chapter 123 of the Laws of Kansas of
1907, and all other acts and parts of acts inconsistent
herewith, are hereby repealed in so far as they relate
to cities of the second class which adopt the provisions
of this act, but nothing in this act shall be construed to
invalidate the action of any city already acting under
the authority of chapter 123 of the Laws of 1907, and
in adopting the provisions of the said chapter such
cities shall be deemed to have adopted the provisions of
this act; provided, that in any city wherein an election
is now pending upon the question of adopting the pro-
visions of said chapter 123 of the Session Laws of
1907, said election shall be deemed to be a vote upon
the adoption of said chapter as amended and supple-
mented by this act."

We hold, therefore, that the election should be held

as provided by law, and that the candidates at such election may be nominated as provided in subdivision 2 of section 2 of chapter 54 of the Laws of 1908, and in accordance with preëxisting statutes; that such election should be conducted, so far as the provisions of chapter 82 of the Laws of 1909 can be made applicable, in accordance with the provisions thereof, and if any provision or provisions thereof are inapplicable preexisting statutes should be applied.

A peremptory writ of mandamus is allowed as prayed for.